## Appeal of NATIONAL GROCER CO.      Docket No. 562.

The surplus and undivided profits of a corporation, which must be included in invested capital under the provisions of section 326 of the Revenue Act of 1918, can not be reduced by the elimination of any gains or profits of such corporation which may have been exempt from income taxes.

Submitted January 26, 1925; decided February 28, 1925.

W. Alfred Debo, Esq., for the taxpayer.

Arthur H. Fast, Esq. (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before JAMES, STERNHAGEN, and TRUSSELL.

At the hearing of this appeal there was read into the record a statement of facts which counsel, both for the taxpayer and the Commissioner, agreed might be taken by the Board as the stipulated facts essential to the consideration of the appeal. From this record the Board makes the following

### FINDINGS OF FACT.

The taxpayer is a corporation organized under the laws of the State of Michigan, and has its principal office at 125 West Larnard Street, Detroit, Mich., where it is, and for many years has been, engaged in business as a wholesale grocer.

Early in the year 1917 the Pennsylvania Railroad Co. was seeking and acquiring the right of way for entrance of its tracks into the city of Detroit. It possessed the right to use condemnation proceedings for the purpose of acquiring private property for public use. It was seeking, however, first, to negotiate for the purchase of the desired properties directly from their owners, but in making such negotiations constantly held forth the threat of resorting to condemnation proceedings.

The taxpayer was at that time the owner of land and a building used as a warehouse situated within the limits proposed to be acquired by the railroad company, and after much negotiation with the railroad company the taxpayer agreed to sell and did sell all its property rights in the said land and warehouse to the railroad company, for which the railroad company paid the taxpayer the sum of $185,000. This property had cost the taxpayer the sum of $86,232, and was carried on its books at the beginning of the year 1917 at that value. The taxpayer realized from this transaction a net gain of $98,768.

Later in the same year, 1917, the taxpayer, being in need of another warehouse to take the place of the one thus disposed of, purchased another piece of property for which it paid cash in the sum of $96,000. This transaction was also completed during the calendar year 1917.

In making his final adjustment and settlement of this taxpayer's liability to income and profits taxes for the calendar year 1917, the

Commissioner applied to the transaction herein described the provisions of section 234 (a) (14) of the Revenue Act of 1921, and allowed as a deduction from gross income for that year ninety-six one-hundred-and-eighty-fifths of the gain of $98,768 actually derived by the taxpayer from the sale of the property. The deduction thus allowed was in the amount of $51,252.58.

In making his adjustment of the tax liability of this taxpayer for the years 1918 and 1919, the Commissioner reduced invested capital by the said sum of $51,252.58, for the reason, as stated in the deficiency letter, that—

this amount does not represent either earned or paid-in surplus as defined in article 837 and section 326 of the Revenue Act of 1918,

and, after having reduced invested capital in this manner, the Commissioner determined a deficiency in tax for the year 1918 in the sum of $7,728.18, and an overassessment for the year 1919 of $287.05, from which determination the taxpayer brings this appeal.

### DECISION.

The net deficiency in tax for the years 1918 and 1919 should be recomputed in accordance with the following opinion. Final decision will be settled either upon consent or on 10 days' notice under Rule 50.

### OPINION.

TRUSSELL: The decision of this appeal must be determined in accordance with the terms and the meaning of section 326 of the Revenue Act of 1918 which, so far as relevant, reads as follows:

(a) That as used in this title the term "invested capital" for any year means * * * (3) Paid-in or earned surplus and undivided profits; not including surplus and undivided profits earned during the year.

The $51,252.58 which the Commissioner has deducted from the invested capital of this taxpayer for the years 1918 and 1919 is ninety-six one-hundred-and-eighty-fifths of $98,768, the gain realized by the taxpayer during the preceding calendar year from a sale of a portion of its capital assets. This sum of $98,768 was a gain or profit accruing to the taxpayer from dealings in property, and under the provisions of section 213 of the same revenue act the taxpayer was required to report this gain as a part of its gross income for the calendar year 1917, and, except for the retroactive exemption contained in the Revenue Act of 1921, section 234 (a) (14), the full amount of this gain and profit would then have been taxable income. Congress, however, saw fit to provide, in the Revenue Act of 1921, that an ascertainable proportion of this gain, realized by the taxpayer under the conditions prescribed, should be deducted from gross income. In like manner Congress has provided for the exemption from taxation of gains and profits from other sources, among which are dividends received by one corporation from other domestic corporations, and it has also provided that certain gains and profits should be excluded from gross income, among which are amounts of interest received upon the obligations of States and municipal subdivisions thereof and certain obligations of the United

States. All of these gains and profits, however, received by a corporation and exempt from income taxes, must necessarily find their way into and become a part of the surplus and undivided profits of such corporation, and we have yet to hear of anyone claiming that amount of interest upon municipal obligations, and dividends upon the stock of other corporations either should be or could be eliminated from the sum of surplus and undivided profits which the law provides shall be included in invested capital.

The surplus and undivided profits of a corporation at any given time is made up of all the realized gains, profits, and income of preceding years or periods and which "remains after expenses and dividends" are paid. (*Marks* v. *American Brewing Co.*, 52 South. 985.) It thus conclusively appears that this sum of $51,252.58, having been a part of the realized gains and profits of this taxpayer for the calendar year 1917, although not included in its taxable net income, found its way into the company's general account of surplus and undivided profits, and section 326 of the Revenue Act of 1918 specifically provides that so much of this surplus and undivided profits account as remains in the possession of the corporation at the beginning of any taxable period shall be included in invested capital. It appears that there is no authority in any revenue act, nor is there any accounting reason, to support the action of the Commissioner in eliminating this sum from the taxpayer's invested capital for the years 1918 and 1919.

We are, therefore, of the opinion that the said sum must be restored to invested capital for each of the years under consideration, and the deficiency in tax for the year 1918 and the overassessment for the year 1919 should be recomputed accordingly.