## Appeals of S. T. HUNT and MRS. S. T. HUNT.

Docket Nos. 6275, 6274.    Decided September 27, 1926.

*S. T. Hunt* for the petitioners.
*A. J. Seaton, Esq.,* for the Commissioner.

Deficiency of $1,702.18 income tax for 1921 against each petitioner arising from the Commissioner's inclusion in the gross income of each petitioner of one-half of the amount received upon the sale of a certain interest in oil lands. The findings are based upon a stipulation and certain documents introduced by the Commissioner.

### FINDINGS OF FACT.

During the calendar year 1921 the petitioners received $22,000 as representing the sale price of a certain one-sixteenth royalty interest in 120 acres off of the east side of section 16, township 23, range 8 west, in what is known as the Haynesville Oil Field.

The Commissioner has allowed the petitioners a unit rate of depletion of $0.595 per barrel for the year 1921, and a unit rate of $1.1145 per barrel subsequent to 1921 on the petitioners' remaining interest in tracts contained in sections 8, 9, 16, and 17 of township 23, range 8 west.

The petitioners purchased this property in fee prior to the date on which oil was discovered.

Oil was first discovered in the Haynesville pool in March, 1921.

This property, more particularly described as the 120 acres off of the east side of section 16, township 23, range 8 west, had no mineral value at the date of purchase or on March 1, 1913.

The petitioners filed separate returns, each of which contained the same items as the other.

### OPINION.

STERNHAGEN: Notwithstanding the briefs filed by both parties discussing theories which might in a proper case require careful consideration, the facts which have been stipulated leave nothing for the petitioners to stand upon. Having, in 1921, sold for $22,000 something characterized as a royalty interest in 120 acres, which they purchased before 1921 and which on March 1, 1913, had no mineral value, the cost of which and the terms of conveyance of which are not in evidence, how can we do aught but affirm the Commissioner? There is no warrant for the petitioners to deduct simultaneously from this sale price an assumed amount of future depletion based on discovery value, or to use this alleged discovery value as the basis for determining gain or loss on sale. Discovery

value is an extraordinary basis granted to taxpayers for computing the depletion deduction, and its significance ends in the deduction section of the statute; however awkwardly this may work out.

The Commissioner is not content with such a result. He now wants the Board to hold that his determinations on the basis of separate returns were improper and that the deficiency against the husband should be increased by attributing to him all the income. This is a serious question. The record, however, lacks facts which are necessary premises to any conclusion in respect of Louisiana community property and we are therefore unable to decide it.

The Commissioner may have judgment for the amount of the deficiency.

*Judgment for the Commissioner.*