CHARLES F. AYER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7635.   Promulgated June 1, 1928.

*Paul Armitage, Esq.*, and *Edward Holloway, Esq.*, for the petitioner.

*Thomas P. Dudley, Jr., Esq.*, for the respondent.

OPINION.

MURDOCK: The record does not show the cost or March 1, 1913, value of the depletable capital assets of the Texas Gulf Sulphur Co. for which the reserve was set up. Therefore, our only concern in

this case is whether or not any portion of the distribution in question is taxable under the Revenue Act of 1921, and if we decide that any portion is taxable we must affirm the Commissioner.

Section 201 of the Revenue Act of 1921, is, in part, as follows:

(a) That the term " dividend " when used in this title * * * means any distribution made by a corporation to its shareholders or members, whether in cash or in other property, out of its earnings or profits accumulated since February 28, 1913, * * *.

(b) For the purposes of this Act every distribution is made out of earnings or profits, and from the most recently accumulated earnings or profits, to the extent of such earnings or profits accumulated since February 28, 1913; but any earnings or profits accumulated or increase in value of property accrued prior to March 1, 1913, may be distributed exempt from the tax, after the earnings and profits accumulated since February 28, 1913, have been distributed. If any such tax-free distribution has been made the distributee shall not be allowed as a deduction from gross income any loss sustained from the sale or other disposition of his stock or shares unless, and then only to the extent that, the basis provided in section 202 exceeds the sum of (1) the amount realized from the sale or other disposition of such stock or shares, and (2) the aggregate amount of such distributions received by him thereon.

(c) Any distribution (whether in cash or other property) made by a corporation to its shareholders or members otherwise than out of (1) earnings or profits accumulated since February 28, 1913, or (2) earnings or profits accumulated or increase in value of property accrued prior to March 1, 1913, shall be applied against and reduce the basis provided in section 202 for the purpose of ascertaining the gain derived or the loss sustained from the sale or other disposition of the stock or shares by the distributee.

The petitioner contends that the distribution in question was not a distribution of earnings or profits accumulated after February 28, 1913, and therefore not a dividend within the meaning of section 201(a) of the Revenue Act of 1921, but a tax-free distribution, the effect of which would be merely to reduce the basis for determining subsequent gain or loss from the sale of its stock. The respondent has held that the distribution is at least in part a dividend subject to surtax. His action is in accordance with article 1546 of Regulations 62, amended by Treasury Decision 3555, dated February 20, 1924, which is as follows:

ART. 1546. *Distribution from depletion or depreciation reserves.*—A reserve set up out of gross income by a corporation and maintained for the purpose of making good any loss of capital assets on account of depletion or depreciation is not a part of surplus out of which ordinary dividends may be paid. A distribution made from a depletion or depreciation reserve based upon the cost of the property will not be considered as having been paid out of earnings or profits, but the amount thereof shall be applied against and reduce the cost, or other basis, of the stock upon which declared for the purpose of determining · the gain or loss from the subsequent sale of the stock. A distribution made from that portion of a depletion reserve based upon a valuation as of March 1, 1913, which is in excess of the depletion reserve based upon cost, will not be

considered as having been paid out of earnings or profits, but the distributee shall not be allowed as a deduction from gross income any loss sustained from the sale or other disposition of his stock or shares unless, and then only to the extent that, the basis provided in section 202 exceeds the sum of (1) the amount realized from the sale or other disposition of such stock or shares, and (2) the aggregate amount of such distributions received by him thereon. No distribution, however, can be made from such a reserve until all the earnings or profits of the corporation have first been distributed. Dividends declared out of a depletion reserve based upon discovery value to the extent that such reserve represents the excess of the discovery value over cost or March 1, 1913, value are, when received by the stockholders, taxable as ordinary dividends.

The last sentence of this article is the portion added by Treasury Decision 3555.

The Revenue Act of 1921, permitted corporations to deduct an annual depletion allowance from gross income as a return of capital. The depletion reserve of a corporation represents the accumulation of amounts previously set aside by it out of its gross receipts from the sale of its product to compensate it to the extent of the estimated cost or value of the mineral deposits used up. *United States* v. *Ludey*, 274 U. S. 295. A depletion allowance based upon the cost or March 1, 1913, value of a natural resource which is being removed and used up represents a return to the owner thereof of parts of the actual cost or March 1, 1913, value of the property. But inasmuch as the total of these allowances can never exceed the cost or March 1, 1913, value of the property, the return of these amounts can never represent a profit to the owner. A depletion allowance based upon so-called discovery value authorized by section 234(a)(9) of the Revenue Act of 1921, permits the corporate owner of the natural resource to have returned to it untaxed a portion of its gross income greater in amount than the basis for gain on the sale or other disposition of the property, and the Commissioner has held that this excess is earnings or profits accumulated since February 28, 1913, subject to tax as dividends when distributed to the stockholders. It represents earnings or profits of the corporation accumulated after February 28, 1913, which were realized from an increase in value accrued since March 1, 1913. From the very nature of the discovery value this excess can not represent earnings or profits accumulated or an increase in the value of property accrued before March 1, 1913.

An increase in the value of property accrued before March 1, 1913, had to be specially provided for in section 201 (b) and (c) of the Revenue Act of 1921, since its transition into money might have taken place before or after March 1, 1913. No such necessity arose in the case of an increase in value accrued since March 1, 1913, so it was not specifically mentioned in the Act. The fact that the Statute permits a corporation to deduct from its gross income an amount in excess of the basis for gain on the sale or other disposition of its

property, which excess represents a profit to the corporation, does not change the fact that such profit has been realized, and does not prevent the profit from being taxable income when received by the stockholder. See *S. T. Hunt*, 4 B. T. A. 1077. The corporation and the stockholder are different taxable entities, which fact destroys many of the arguments advanced by the petitioner.

This is not the only case where some income or profit free from tax in the hands of a corporation is, nevertheless, taxable to a stockholder upon distribution. Dividends and stock of domestic corporations, interest on bonds and obligations of States and municipalities, and statutory exemptions are not a part of the statutory net income of a corporation, but are nevertheless a part of its earnings or profits and may form a part of ordinary dividends which are taxable when received by the stockholders. On the other hand, corporations frequently make expenditures which are not deductible from gross income for income-tax purposes, but which nevertheless reduce earnings or profits. It therefore follows that the earnings or profits mentioned in section 201 (a) of the Revenue Act of 1921 are not the equivalent of the taxable net income of the corporation. In this connection see *National Grocery Co.*, 1 B. T. A. 688, and *Lynch* v. *Hornby*, 247 U. S. 339.

The petitioner argues that although the Revenue Act of 1918 and the Revenue Act of 1921 permitted a corporation to deduct a depletion allowance based upon discovery value, nevertheless, Treasury Decision 3555, dated February 20, 1924, was the first public announcement by the Bureau of Internal Revenue that an ordinary taxable dividend could be distributed from a depletion reserve based upon discovery value; at this time Congress was considering the bill which on June 2 of that year, became the Revenue Act of 1924; although the provisions of section 201(a) of the Revenue Act of 1921, were reenacted in this bill without material change, and the provisions of section 201(c) of the Revenue Act of 1921 were reenacted in section 201(d) of the new bill, the following words were added to this latter section:

The provisions of this paragraph shall also apply to distributions from depletion reserves based on the discovery value of mines.

thus showing that Congress disapproved of the interpretation made by the Bureau of sections 201(a) and (c) of the Revenue Act of 1921, and that Congress never intended that any taxable dividend could be distributed from a depletion reserve based upon discovery value.

It is obvious that under the Revenue Act of 1924 the distribution of a depletion reserve based upon discovery value is not taxable to the stockholders as an ordinary dividend, but is taxable in an entirely different way. However, this was a change from the previous revenue

acts. Under the 1924 Act, it can be argued that since Congress specifically provided under section 201 (d) for the taxation of distributions from depletion reserves based upon discovery values, it follows that it did not intend to provide for the taxation of such distributions under section 201(a). Under the 1921 Act no such inference arises. The words quoted above were added to the Revenue Bill of 1924, in the Senate as Amendment No. 4. The Conference Committee recommended in its report that the House recede from its disagreement to this amendment. The managers on the part of the House made the following statement with reference to this amendment:

This amendment provides that there shall be included within the provisions of subdivision (d) of section 201 amounts distributed by corporations out of depletion reserves based upon the discovery value of mines. As contained in the House bill the provision includes distributions made out of depletion and depreciation reserves based upon the cost of the property depreciated or depleted, *but under the House bill, distributions out of depletion reserves based upon discovery value are treated as ordinary dividends.* The Senate amendment applies only to depletion reserves based upon the discovery value of mines; and the House recedes. (Italics ours.)

The House bill mentioned in the foregoing statement practically adopted section 201(c) of the Revenue Act of 1921. The Senate Finance Committee Report in connection with section 201(d) is as follows:

Subdivision (d) of the bill corresponds to subdivision (c) of section 201 of the existing law. This subdivision provides that amounts distributed by a corporation which do not constitute distributions of earnings or profits or increase in value of property accrued prior to March 1, 1913 (such as distributions out of unrealized appreciation in value of property or out of depreciation or depletion reserves), constitute a return of capital to the stockholder and are taxable to him only if, as, and to the extent that they exceed the basis of his stock. It is specifically provided that the amount by which such distribution exceeds that basis of the stock constitutes taxable income, which provision accords with the Treasury Department's interpretation of the present law.

A provision has been added to this subdivision as contained in the House bill providing that there shall be included within the provisions of the subdivision amounts distributed by corporations out of depletion reserves based upon the discovery value of mines. As contained in the House bill the provision included distributions made out of depletion and depreciation reserves based upon the cost of the property depreciated or depleted, and it is thought desirable to extend this provision to distributions out of the depletion reserve based upon the discovery value of mines.

The two reports above quoted negative the petitioner's argument and indicate that under the 1921 Act, Congress intended that ordinary taxable dividends might be made from depletion reserves based upon discovery value.

Reviewed by the Board.

*Judgment will be entered for the respondent.*