STAPLES COAL COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 34490. Promulgated November 16, 1931.

*John B. Sullivan, Jr., Esq.*, and *Howard V. Foulke, Esq.*, for the petitioner.

*J. M. Leinenkugel, Esq.*, and *T. G. Histon, Esq.*, for the respondent.

818

820

OPINION.

SEAWALL: It is stipulated that in the instant case the base for depreciation was determined by the Commissioner in accordance with G. C. M. 2826, C. B. VII–1, p. 234, by taking, in the case of each vessel, the depreciated cost of the old vessel which it had replaced, plus the sum paid for the new vessel over and above the amount of the replacement fund. The contention of the petitioner is that the basis should be the entire sum paid for the new vessel, including the full amount of the replacement fund. The fiscal year involved ended March 31, 1923. The applicable law is found in the Revenue Act of 1921, the pertinent provisions of which read as follows:

SEC. 202. (d) (2) Where property is compulsorily or involuntarily converted into cash or its equivalent in the manner described in paragraph (12) of subdivision (a) of section 214 and paragraph (14) of subdivision (a) of section 234, and the taxpayer proceeds in good faith to expend or set aside the proceeds of such conversion in the form and in the manner therein provided, the property acquired shall, for the purpose of this section, be treated as taking the place of a like proportion of the property converted.

SEC. 234. (a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:

\* \* \* \* \* \* \*

(7) A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence. In the case of such property acquired before March 1, 1913, this deduction shall be computed upon the basis of its fair market price or value as of March 1, 1913;

\* \* \* \* \* \* \*

(14) If property is compulsorily or involuntarily converted into cash or its equivalent as a result of (A) its destruction in whole or in part, (B) theft or seizure, or (C) an exercise of the power of requisition or condemnation, or the threat or imminence thereof; and if the taxpayer proceeds forthwith in good faith, under regulations prescribed by the Commissioner with the approval of the Secretary, to expend the proceeds of such conversion in the acquisition of other property of a character similar or related in service or use to the property so converted, or in the acquisition of 80 per centum or more of the stock or shares of a corporation owning such other property, or in the establishment of a replacment fund, then there shall be allowed as a deduction such portion of the gain derived as the portion of the proceeds so expended bears to the entire proceeds. The provisions of this paragraph prescribing the conditions under which a deduction may be taken in respect of the proceeds or gains derived from the compulsory or involuntary conversion of property into cash or its equivalent, shall apply so far as may be practicable to the exemption or exclusion of such proceeds or gains from gross income under prior income, war-profits and excess-profits tax Acts.

The evidence shows that the petitioner acquired certain vessels as a result of involuntary conversion of other vessels. To replace the vessels originally held, the petitioner expended the funds acquired at the time of the conversion, plus certain additional amounts, and now contends that the actual cost of the newly acquired vessels should be used as the depreciation base in accordance with the decision in *National Grocer Co.*, 1 B. T. A. 688.

There was a question of invested capital involved in the case of *National Grocer Co.*, *supra*, which distinguishes it from the instant case, and the decision in the former case should not be considered as controlling in the latter.

The petitioner insists that section 202 of the 1921 Revenue Act has no application in the instant case; that it deals solely with the matter of gain derived or loss sustained from sales or other disposition of property and has nothing to do with depreciation as considered in the instant case. It is true section 202 (d) (2) of said act provides specifically only for the basis in determining gain or loss, but the provisions of that section may nevertheless be considered in determining what is a reasonable allowance for depreciation, section 234 (a) (7) of said act providing that in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions " a reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence."

In its statement of the changes made in the Revenue Act of 1921 by H. R. 6715 and the reasons therefor the Committee on Finance of the United States Senate said, in regard to section 204 (c) of the Revenue Act of 1924:

(9) The first part of subdivision (c) of the bill, that is, the part preceding an exception, does not correspond to any provision of the existing law, but is

the same as the *interpretation placed upon the existing law by the Department*. It provides that the basis of computing depreciation and depletion shall be the same as the basis of computing gain or loss from the sale of property, and represents what is obviously the correct rule, since the theory in setting a basis for depreciation and depletion is the same as in setting one for determining gain or loss from the sale; that is, to insure a taxpayer a return of his capital free from tax. [Italics supplied.]

The question we are considering, it is true, arises under the Revenue Act of 1921 and not under the 1924 Act. The statement made by the Finance Committee, however, and the subsequent enactment by Congress of section 204 (c) of the 1924 Act, were a recognition of the correctness and justice of the interpretation placed upon the then existing law by the Treasury Department and such should not be lightly regarded. Ordinarily, the basis for determining gain or loss is cost less depreciation sustained.

In the instant case, the respondent adopted cost less depreciation to date of conversion on the old vessels as the proper basis for depreciation purposes. To said amount was added such sums as were paid for the new vessels over and above the replacement fund. This, in our opinion, is correct and in accord with the principle of the decision in *United States* v. *Ludey*, 274 U. S. 295.

From the record it seems evident that, had there been no conversion, no issue as to depreciation would have arisen. The petitioner having claimed the benefits of section 202 (d) (2), on the basis of no gain or loss from the transactions, should not now claim a new cost basis for depreciation. Having been given the full benefits of the statute with respect to depreciation prior to converting its property, which effected no material change in its capital structure except by the addition of new capital, to which credit has been given, the petitioner fails to show any error committed by respondent in his determination of the deficiency asserted.

*Judgment will be entered for the respondent.*