LONG BEACH IMPROVEMENT CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3184.     Decided November 23, 1926.

A corporation is subject to tax upon its net income for 1920 although such income is not sufficient to wipe out a pre-existing deficit.

*B. C. Bub* for the petitioner.
*D. D. Shepard, Esq.,* for the respondent.

This is a proceeding for the redetermination of a deficiency of $1,524.76 in income tax for the calendar year 1920. The question presented is whether a corporation is subject to tax upon its net income for a calendar year when such income is not sufficient to wipe out a pre-existing deficit.

### FINDINGS OF FACT.

The petitioner is a California corporation with principal office at Long Beach. For several years prior to 1919 it operated at a loss and as a result its balance sheet at the beginning of 1919 showed a deficit. Assessments were levied against and collected from its stockholders in prior years. During 1919 a net profit was earned but such net profit was not sufficient to result in tax liability. The deficit, as shown by the books at the end of 1919, was reduced by the amount of the profits earned during 1920 but there was still a deficit at the end of such year. The net income for 1920, as disclosed by the books, was $25,631.60, against which deductions of $8,383.97 were allowed by the Commissioner. The petitioner's net income for 1920 was $17,247.63.

### OPINION.

MORRIS: It was stipulated that the petitioner had a deficit at the beginning of 1919 which was reduced by a profit for that year and further reduced at the close of 1920 by the profit realized in that year. It contends, however, that such profit is not net income as it can have no net income while there is an operating deficit and that the gain realized in 1920 can not be construed other than as a re-

turn of capital. Although it was stipulated that the net income for the taxable year in question was $17,247.63, the petitioner contends in its brief that the reduction of the deficit existing at the close of 1919 eliminates any possibility of net income and that the use of the words "gain, net gain, profit, net profit" mean something entirely different, when applied to a corporation, than net income.

Section 232 of the Revenue Act of 1918 provides that in the case of a corporation, net income means the gross income as defined in section 233, less the deductions allowed by section 234, and that the net income shall be computed on the same basis as provided in subdivision (b) of section 212. This subdivision provides for the computation of the net income on the basis of the taxpayer's annual accounting period, which in the instant case is the calendar year. It therefore follows that the petitioner's gross income for 1920, less the deductions authorized by law, is its net income for that year and such net income is subject to tax under section 230, unless the organization is exempt from taxation under section 231, a question which is not in issue. Petitioner offered no evidence that the net income as adjusted by the Commissioner is incorrect. The Commissioner's determination must therefore be approved.

> *Judgment will be entered for the Commissioner.*