LOUISE GLASSELL SHORB, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32219.   Promulgated March 10, 1931.

*D. Webster Egan, Esq.,* for the petitioner.
*C. H. Curl, Esq.,* for the respondent.

### OPINION.

MARQUETTE: This proceeding is for the redetermination of a deficiency in income tax asserted by the respondent in the amount of $7,373.73 for the year 1924. The deficiency arises from the respondent's action in including in the petitioner's income for said year the amount of $49,838.40, received by her as distributions from the Glassell Development Company.

The petitioner, a resident of Los Angeles, Calif., is and was during the year 1924, a stockholder of the Glassell Development Company, a corporation which was organized in September, 1913, for the purpose of improving, subdividing and selling real estate.

The surplus or deficit before dividend payments, profit or loss from operations, and dividends paid by the Glassell Development Company during the period December 31, 1919, to and including December 31, 1923, were as follows:

| | | Surplus or (deficit) before dividend payments | Dividend paid |
|---|---|---|---|
| Surplus 12-31-19 | | ($102,726.44) | |
| Loss 1920 | | 123,383.21 | |
| Balance 12-31-20 | | ($226,109.65) | $25,000.00 |
| Balance 1-1-21 | | ($226,109.65) | |
| Loss 1921 | | 8,262.35 | |
| Balance 12-31-21 | | ($234,372.00) | None. |
| Balance 1-1-22 | | ($234,372.00) | |
| Income 1922 | $36,719.67 | | |
| Less income tax | 3,557.16 | 33,162.51 | $34,106.55 |
| Balance 12-31-22 | | ($201,209.49) | $75,019.82 |
| Balance 1-1-23 | | ($201,209.49) | |
| Income 1923 | $50,380.49 | | |
| Less Income Tax | 6,297.56 | 44,082.93 | |
| Balance 12-31-23 | | ($157,120.56) | |

The deficit at December 31, 1919, resulted in its entirety from operating losses. No dividends were paid by the corporation prior to the year 1920.

At the beginning of the year 1924, the Glassell Development Company had an operating deficit of $157,126.56. Its net earnings for the year were $113,578.12, and it made distributions to its stockholders during the year in the amount of $245,382.12, of which $49,838.40 was received by the petitioner.

The respondent, upon audit of the petitioner's return of income for the year 1924, determined that the entire amount of $49,838.40 received by the petitioner in that year from the Glassell Development Company constituted taxable income to her, and that there is a deficiency in tax in the amount of $7,373.73.

The respondent now concedes that as the total net earnings of the Glassell Development Company for the year 1924, to wit, $113,578.12, were 46.29 per cent of the total distributions made by it to its stockholders in that year, the petitioner should be taxed only on 46.29 per cent of her share of the distributions. The petitioner contends that as the corporation at the beginning of 1924 had an operating deficit greater than the amount of earnings for that year, no part of the distribution constitutes taxable income to her. The controversy arises under section 201 (a) and (b) of the Revenue Act of 1924, which provides that:

(a) The term "dividend" when used in this title (except in paragraph (9) of subdivision (a) of section 234, and paragraph (4) of subdivision (a) of section 245) means any distribution made by a corporation to its shareholders, whether in money or other property, out of its earnings or profits accumulated after February 28, 1913.

(b) For the purposes of this Act every distribution is made out of earnings or profits to the extent thereof, and from the most recently accumulated earnings or profits. Any earnings or profits accumulated, or increases in value of property accrued, before March 1, 1913, may be distributed exempt from tax, after the earnings and profits accumulated after February 28, 1913, have been distributed, but any such tax-free distribution shall be applied against and reduce the basis of the stock provided in section 204.

The present position of the respondent is directly opposite to that heretofore adopted and maintained for many years by the Bureau of Internal Revenue, and set forth in L. O. 942, C. B. 1, 300; I. T. 2016, C. B. III-1, 29; G. C. M. 1552, C. B. VI-1, 10, and G. C. M. 3532, C. B. VII-1, 190. We think the former position of the Bureau is correct. In support of his present position the respondent relies upon the case of *Blair* v. *United States*, 63 Ct. Cls. 193. That case is, however, distinguishable on its facts and is not applicable to a situation such as the one before us.

It is our opinion that in the case of a corporation organized subsequent to March 1, 1913, there can be no accumulated earnings or profits until an operating deficit is made good, and that the Glassell Development Company did not have in 1924 any accumulated profits or earnings from which to pay dividends. The distribution in question was, therefore, made out of capital and did not constitute taxable income to the recipients. *J. L. Washburn*, 16 B. T. A. 1091. There is no deficiency.

Reviewed by the Board.

*Judgment will be entered for the petitioner.*