ROBERT S. FARRELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.
G. A. OLSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 54294, 54295. Promulgated May 2, 1934.

*Robert T. Jacob, Esq.*, for the petitioners.
*Owen W. Swecker, Esq.*, for the respondent.

OPINION.

SEAWELL: The record shows that the petitioners, Robert S. Farrell and G. A. Olson, as stockholders in the Deep River Logging Co., received on December 28, 1928, as distributions from the company, $25,750 and $18,750, respectively. It is contended by petitioner Farrell that the respondent erroneously added to his income for 1928, subject to surtax, $18,769.18, and petitioner Olson insists respondent

likewise erroneously added to his taxable income for that year $13,666.87.

It is argued on behalf of the petitioners that no portion of the sums of $18,769.18 and $13,666.87 added to the 1928 incomes of Farrell and Olson, respectively, is taxable to them, because the distributions, it is insisted, were not from earnings or profits accumulated after February 28, 1913, but out of the earnings prior to March 1, 1913.

In our opinion, under the applicable law the contention of the petitioners is not sustained by the record, as the following brief computation made therefrom shows, bearing in mind that the " timber appreciation " is, as stated in our findings of fact, a " realized appreciation."

| | |
|---|---:|
| March 1, 1913, surplus | $605,534.28 |
| December 31, 1915, in paying the dividend of $144,000, the Deep River Logging Co. used all its earnings (including " timber appreciation ") accumulated since February 28, 1913, and in addition thereto the amount of | 70,894.00 |
| Balance March 1, 1913, surplus | 534,640.28 |
| December 31, 1926, necessary to take care of losses for that year | 25,904.41 |
| Balance March 1, 1913, surplus | 508,735.87 |
| December 31, 1927, all losses for 1927 | 29,147.92 |
| Balance March 1, 1913, surplus on hand on December 31, 1927 | 479,587.95 |

It is apparent from the foregoing and the record that all that the company had with which to pay the dividend of $75,000 on December 28, 1928, was the above balance of March 1, 1913, surplus, and the current 1928 earnings of $54,667.50, from which it is evident that 72.89 percent of the $75,000 distribution, as determined by the respondent, would be taxable as a dividend and the balance or 27.11 percent would be paid from March 1, 1913, surplus and would be nontaxable. We are, therefore, of the opinion and hold that the respondent did not err in adding to the 1928 incomes of petitioners Farrell and Olson, subject to surtax, $18,769.18 and $13,666.87, respectively, those sums being 72.89 percent of the $25,750 and the $18,750 received by petitioners, respectively, from the $75,000 distribution made to stockholders on December 28, 1928, by the Deep River Logging Co.

Our determination herein is in accord with and controlled by the principle enunciated in *Helvering* v. *Canfield*, 291 U.S. 163. Cf. *Louise Glassell Shorb*, 22 B.T.A. 644, and *Arthur C. Stifel*, 29 B.T.A. 1145.

> *Judgment will be entered in favor of respondent in each of the dockets.*