GEORGE P. MARSHALL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 75334.   Promulgated July 17, 1935.

*Albert E. James, Esq.,* for the petitioner.
*W. Frank Gibbs, Esq.,* for the respondent.

## OPINION.

MURDOCK: The Commissioner determined that the petitioner received $51,167.31 from the corporation during 1931 which was taxable to him as a dividend for 1931. His determination must be approved unless the presumption of its correctness has been overcome by proof. The Commissioner now concedes that the proof shows error on his part in including an item of $490.74 in the total. The petitioner contends that the remainder, consisting of $8,797.34 paid by the corporation on account of his income tax for 1930 and $41,879.23, the net amount of his withdrawals after deducting a salary adjustment of $7,933.34, represents loans which the corporation made to him with the understanding that they would be repaid " in one way or another."

The evidence fails to show that the amount now in controversy was not for all practical purposes and particularly for tax purposes a taxable dividend. No effort was made to show that the corporation had not accumulated sufficient earnings to pay dividends at the times and in the amounts withdrawn by or paid for the benefit of the petitioner. Therefore we must assume that sufficient earnings were available. The proof upon which the petitioner relies to show that the money was only loaned to him is weak and there is evidence to show that the transactions were not loans.

The charges to the account of the petitioner on the books of the corporation were made by the bookkeeper on his own initiative.

He had to account for them in some way. These entries are of little, if any, benefit to the petitioner in his contention that the items were loans. No interest was charged, paid, or contemplated. The petitioner was the sole stockholder. He " was as completely and unrestrictedly in control and management of the company as if it had been his individual business." *Chattanooga Savings Bank* v. *Brewer*, 9 Fed. (2d) 982; affd., 17 Fed. (2d) 79; certiorari denied, 274 U. S. 751. He made the withdrawals to suit his own convenience and consulted no one. He used the money for living and other personal expenses. He had no outside property or income from which to repay the amounts. The book charges could be and were balanced only by credit of the dividend later formally declared from the earnings of his own corporation. The taxability of these amounts as dividends need not await the formal declaration where, as here, the recipient was the sole stockholder using and enjoying the money as his own. *Atherton* v. *Beaman*, 264 Fed. 878; *Chattanooga Savings Bank* v. *Brewer, supra; Leo G. Hadley*, 6 B. T. A. 1031; affd., 36 Fed. (2d) 543; *Daniel Hunt, Sr.*, 6 B. T. A. 558. We conclude from all of the evidence, and particularly from the testimony of the petitioner, that he had no intention of repaying the amount in controversy. His return for 1932 tends to confirm this conclusion. The Commissioner did not err in taxing the petitioner on $50,676.57 as a dividend for 1931. Cf. *L. J. Christopher*, 13 B. T. A. 729; affd., 55 Fed. (2d) 527; *W. A. Graeper*, 27 B. T. A. 632; *C. W. Murchison*, 32 B. T. A. 32; *M. Jackson Crispin*, 32 B. T. A. 151.

*Decision will be entered under Rule 50.*