ROY J. KINNEAR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 80103. Promulgated June 16, 1937.

*H. B. Jones, Esq.*, for the petitioner.
*S. B. Anderson, Esq.*, for the respondent.

### OPINION.

DISNEY: The deficiency of $338.21 in income tax for 1932 involved in this proceeding resulted, in part, from the inclusion in petitioner's income of amounts aggregating $13,210.48 as dividends received from G. Kinnear Co. The petitioner claims that the amounts received constituted loans from the corporation, and that if they were dividends, the corporation lacked earnings available for their payment.

The petitioner is and was in 1932 secretary of the G. Kinnear Co., a corporation organized prior to March 1, 1913, and engaged in the

real estate business. In 1930 he and Charles A. Kinnear each owned one-half of the corporation's outstanding stock. The evidence does not show any change in the stockholdings in subsequent years.

Prior to and in 1932 the stockholders withdrew large sums of money from the corporation. The amounts withdrawn were not in proportion to stockholdings. The aggregate amount withdrawn by the petitioner at various times in 1932 was $6,353.04, and not $13,-210.48 as determined by the respondent. Other than that the amounts were large, the record does not disclose the extent of the withdrawals in years prior to 1932. All of the withdrawals were recorded in the books of the corporation as accounts receivable and treated as assets of the corporation. No evidence of indebtedness was given for, and no interest was paid on, the amounts withdrawn.

The respondent's determination that the amounts were received as dividends, not loans, must be accepted as correct unless overcome by evidence to the contrary. The book entries are only evidentiary. The decision must rest upon the actual facts. *Doyle* v. *Mitchell Brothers Co.*, 247 U. S. 179. The corporation did not formally declare a dividend, but dividends may be paid without a formal declaration. *Helen Sperry Lea*, 35 B. T. A. 243, and cases cited therein. Neither is it important that each of the equal stockholders did not receive a like amount. *Lincoln National Bank* v. *Burnet*, 63 Fed. (2d) 131.

The petitioner and Charles A. Kinnear, as sole stockholders of the corporation, were in a position to conduct the affairs of the corporation in accordance with their own ideas. None other had any interest in the corporation's net assets. It does not appear that any of the alleged loans were ever repaid in whole or in part. The only evidence of record on the point is testimony of the petitioner that if any repayments were made the amounts repaid were small. The books of the corporation were available at the hearing, but they were not offered to prove the amount of the repayments, if any. Neither was any proof offered to show whether the corporation ever endeavored to collect the withdrawals or to establish financial inability of the petitioner to pay his obligation. Neither does it appear that the corporation was in the business of loaning money to its stockholders, at or without interest. Corporations do not ordinarily loan money to their stockholders, particularly without receiving some evidence of indebtedness, and interest. This is especially true where the corporation, as here, had a large net operating deficit over a period of about twenty years. We hold that of the amount in question, $6,353.04 was received by the petitioner as a distribution, and not as a loan. See *Chattanooga Savings Bank* v. *Brewer*, 9 Fed. (2d) 982; affd., 17 Fed. (2d) 79; certiorari denied, 274 U. S.

751; *W. A. Graeper*, 27 B. T. A. 632; *George P. Marshall*, 32 B. T. A. 956; *M. Jackson Crispin*, 32 B. T. A. 151.

The applicable statute defines the term "dividend" as meaning "any distribution made by a corporation to its shareholders, whether in money or in other property, out of its earnings or profits accumulated after February 28, 1913." Sec. 115 (a), Revenue Act of 1932. Subdivision (d) provides, to the extent material here, that "If any distribution * * * is not out of earnings or profits, then the amount of such distribution shall be applied against and reduce the basis of the stock provided in section 113, and if in excess of such basis, such excess shall be taxable in the same manner as a gain from the sale or exchange of property."

The rule is that a corporation does not have earnings or profits available for distribution as dividends until impairments of capital or paid-in surplus resulting from operating losses have been restored. *Willcuts* v. *Milton Dairy Co.*, 275 U. S. 215; *Crystal Ice Co.*, 14 B. T. A. 682; *Arthur C. Stifel*, 29 B. T. A. 1145; *Louise Glassell Shorb*, 22 B. T. A. 644; *Loren D. Sale*, 35 B. T. A. 938. The rule is recognized by the Commissioner. G. C. M. 1552, C. B. VI-1, p. 10.

The G. Kinnear Co. had a paid-in surplus of $2,485,955.35 on March 1, 1913. It sustained losses each year thereafter through 1929. The corporation's operating losses for the period from March 1, 1913, to the close of 1931 were $1,742,642.77 in excess of gains. Its losses from March 1, 1913, to the close of 1932 were materially in excess of gains during the same period.

In his audit of the petitioner's return the revenue agent found that the operating losses of the G. Kinnear Co. from March 1, 1913, to the close of 1931 were $1,742,642.77 in excess of its gains during that period. Without objection the report of the revenue agent was admitted in evidence as proof of the fact. Counsel for the respondent did not make an opening statement at the hearing or file a brief. Nothing appears in the deficiency notice or pleadings disclosing that he ever concluded that the corporation's total loss from March 1, 1913, to the end of 1931, less gains, was not a true operating loss or deficit based upon cost. We have accepted the evidence as establishing an impairment of the March 1, 1913, paid-in surplus to the extent of $1,742,642.77 at the close of 1931.

The revenue agent found that the corporation had net income of $33,967.29 in 1932, but his report was not introduced into the record for the purpose of establishing corporate earnings or profits in 1932, the taxable year. Proof was made, however, that at the close of the taxable year the gains of the corporation were still materially less than losses previously sustained, which establishes that whatever

**156**

gains were realized in 1932 were insufficient to restore the impairment of paid-in capital existing at the beginning of the year. It follows that in 1932 the G. Kinnear Co. did not have earnings or profits available for the distribution of a taxable dividend and that the respondent erred in including the sum of $13,210.48 in petitioner's gross income for 1932 as a taxable dividend. The amount of $6,353.04 actually received by the petitioner in the taxable year should be applied against and reduce the basis of petitioner's stock, and if it exceeds such basis, the excess constitutes income taxable as gain. Sec. 115 (d), *supra*.

*Decision will be entered under Rule 50.*