FOLEY SECURITIES CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 90449. Promulgated October 26, 1938.

*C. C. Goodson, Esq.*, for the petitioner.
*W. R. Lansford, Esq.*, for the respondent.

#### OPINION.

OPPER: This proceeding involves a deficiency in income tax of $4,100.59 for the year 1934. It is stipulated that the petitioner, organized in 1928, was a "personal holding company" as defined in section 351 of the Revenue Act of 1934, and it is therefore subject to the provisions of that section. As of the beginning of the taxable year the petitioner had a deficit which is stipulated for the purpose of this proceeding to be $23,650.53. Its "adjusted net income" for the year 1934, computed under the provisions of section 351, was $49,909.52. On December 28, 1934, pursuant to a resolution of its board of directors, the petitioner paid to its stockholders $42,375. In the computation of its "undistributed adjusted net income" under section 351, the respondent allowed only $26,258.97 of this distribution as a "dividends paid" credit, holding the remaining $16,116.03 to constitute a distribution out of capital because of the existing deficit.

Section 351 (b) provides that in computing the "undistributed adjusted net income" on which the surtax imposed by the section is levied, deduction from the "adjusted net income" shall be allowed for "(C) Dividends paid during the taxable year", and in the same subsection (b) it is provided that "(4) The terms used in this section shall have the same meaning as when used in Title I." In Title I the definition of dividend is "any distribution made by a corporation to its shareholders * * * out of its earnings and profits accumulated after February 28, 1913." Sec. 115 (a). It is well settled that "there can be no accumulated earnings or profits until an operating deficit is made good", if incurred after March 1, 1913. *Arthur C. Stifel*, 29 B. T. A. 1145. A distribution under such circumstances is not a "dividend" within the definition. For that reason it is not taxable to the shareholders. *J. L. Washburn*, 16 B. T. A. 1091; *Louise Glassell Shorb*, 22 B. T. A. 644; *Roy J. Kinnear*, 36 B. T. A. 153; see *Willcuts* v. *Milton Dairy Co.*, 275 U. S. 215.

Petitioner relies on the statements in the House Committee Report [1] that the dividend deduction was being allowed "to prevent the additional tax from applying to *sums actually distributed*. Thus, a corporation which falls within this section * * * can always escape this tax by distributing to its stockholders at least 90 percent of its adjusted net income." But the report continues: "The stockholders will, of course, be subject to the graduated surtaxes upon such distributions", which demonstrates that the distributions referred to were those on which the stockholders would be taxable. Petitioner also relies on the respondent's Regulations 86, article 351–3, which states that section 351 (b) (2) (C) allows the deduction of "any dividends paid during the taxable year." The crucial word is, of course, "dividends" rather than "any" and it must take its meaning from the statute. Petitioner also argues that only those provisions of Title I apply which are "not inconsistent with this section", quoting from subdivision (c) of section 351, and that the definition of dividends in Title I is inconsistent with the provisions of this section. Subdivision (c), however, deals with "Administrative Provisions", while subdivision (b), of which (b) (4), *supra*, is a part, refers to "Definitions" and contains no similar restriction. Moreover, we do not agree that the definition of dividends contained in section 115 (a) is inconsistent with this section. Rather, the two sections seem to us to be in *pari materia*. The purpose of section 351 was apparently to subject all the income of personal holding companies to surtax either in the hands of the stockholders or in the hands of the corporations them-

---

[1] House Report No. 704, 73d Cong., 2d sess., p. 12; comparable statements appear in Senate Report No. 558, 73d Cong., 2d sess., p. 15.

selves. On such distributions out of current income as are not taxable to the stockholders because of the definition of "dividend" in section 115 (a), that purpose can only be effectuated by giving the term dividend the same interpretation and imposing the surtax on the corporation.

Both parties rely on the amendment contained in section 109 of the Revenue Act of 1935 [2] as supporting their respective interpretations of section 351 of the Revenue Act of 1934. This amendment was not made retroactive but applied only to taxable years beginning after December 31, 1935, and was superseded before it ever became effective by section 351 of the Revenue Act of 1936, which clearly limits the "dividends paid" credit to such distributions as constitute taxable dividends to the shareholders. Sec. 351 (b) (2) (C); sec. 27 (a) and (h). We do not regard it as having any bearing upon the interpretation to be accorded the 1934 Act.

It is not clear whether the petitioner has abandoned the claim raised in the pleadings that the respondent's interpretation of section 351 which we have approved herein is unconstitutional under the Sixteenth Amendment. The argument seems to be that, since Congress can not tax as income that which is not income within the Constitution, *Eisner* v. *Macomber*, 252 U. S. 189, neither can it tax as "undistributed" income that which is "distributed." However, the two questions are entirely different. There is no doubt that the term "income" as used in the Sixteenth Amendment is broad enough to cover current corporate income even though a deficit may exist. Congress can and does impose a tax on such income. *Long Beach Improvement Co.*, 5 B. T. A. 590; see *Willcuts* v. *Milton Dairy Co.*, *supra*, p. 220. The surtax imposed by section 351 is nonetheless an income tax because it may also have a secondary revenue purpose. *Helvering* v. *National Grocery Co.*, 304 U. S. 282. The term "undistributed" to which petitioner objects appears not in the Constitution but in the statute. The question is, therefore, not one of Constitutional law but purely of statutory construction. Once the legislative will

---

[2] SEC. 109. PERSONAL HOLDING COMPANIES.

(a) Section 351 (a) of the Revenue Act of 1934 is amended to read as follows:

\* \* \* \* \* \* \*

(b) Section 351 (b) (2) (C) of such Act is amended by striking out the period at the end thereof and inserting in lieu thereof a comma and the following: "and distributions (not in complete or partial liquidation and not a 'dividend' as defined in section 115) made during the taxable year out of earnings or profits of such year."

(c) The amendments made by this section shall apply only in the case of taxable years beginning after December 31, 1935.

The Finance Committee report, Senate Report No. 1240, 74th Cong., 1st sess., p. 12, explains the amendment as follows:

"(3) Section 351 (b) (2) (C) of existing law is amended to permit a deduction of the amount of a distribution out of the earnings and profits of the taxable year, even though as a result of an existing deficit the distribution is not a dividend as defined in section 115."

is clear, as it seems to us to be in this instance, that question resolves itself. Such other doubts as may ever have existed as to the constitutionality of section 351 have we think been set at rest by the determination that section 104 of the Revenue Act of 1928 is valid. *Helvering* v. *National Grocery Co.*, supra; *United Business Corporation* v. *Commissioner*, 62 Fed. (2d) 754; certiorari denied, 290 U. S. 635. No tenable distinction between the two sections from a constitutional standpoint has been suggested.

Reviewed by the Board.

*Decision will be entered for the respondent.*