EDNA C. GUTMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

CECILE S. LEHMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

HARRIET LEHMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 104130, 104131, 104366. Promulgated December 2, 1941.

*Laurence Graves, Esq.*, for the petitioners.
*W. Frank Gibbs, Esq.*, for the respondent.

OPINION.

DISNEY: These proceedings were consolidated for hearing and report. They involve the redetermination of deficiencies in income taxes for 1936 as follows:

| | |
|---|---|
| Docket No. 104130 | $494.05 |
| Docket No. 104131 | 8,060.26 |
| Docket No. 104366 | 6,576.80 |

The facts are set forth in a stipulation of facts, which is incorporated herein by reference as our findings of fact.

The issue common to all of the proceedings is whether distributions made in January and April 1936 to the petitioners, whose taxable year was the calendar year 1936, out of earnings of the Lehman Corporation during its fiscal year ended June 30, 1936, insufficient to absorb a deficit at the beginning of that year, were taxable dividends.

The Lehman Corporation, a Delaware corporation, has at all times since its organization in 1929 kept its books and accounts and filed its income tax returns on the basis of a fiscal year ended June 30.

In January and April 1936, the petitioners and a trust of which petitioner Cecile S. Lehman was the sole beneficiary, as stockholders of the Lehman Corporation, received distributions of 75 cents per share. The amounts received by the trust were distributed to petitioner Cecile S. Lehman during 1936.

The Lehman Corporation had earnings and profits during its fiscal year ended June 30, 1936, of an amount less than its deficit at the beginning of that year, but in excess of the distributions made to its stockholders during the year.

The petitioners and the trust kept their books and records and filed their income tax returns on the basis of a calendar year. Petitioner Harriet Lehman filed her return for 1936 with the collector for the second district of New York and the other petitioners filed their returns for 1936 with the collector for the third district of New York.

The amounts reported by the petitioners as taxable dividends received in 1936 from the Lehman Corporation did not include the distributions made to them and the trust in January and April 1936. The Commissioner, following G. C. M. 18602, C. B. 1937–2, p. 134, included the amounts in the taxable income of petitioners as dividends in his determination of the deficiencies.

The respondent, upon brief, contends that the reasoning of G. C. M. 18602, *supra*, should be adopted by us as a proper interpretation of section 115 (a) of the Revenue Act of 1936.[1] The facts involved in that ruling are, on the present question, in all material respects the same as those here. The conclusion there reached is that a distribution made out of earnings in March 1936 to a shareholder filing his returns on the calendar year basis, by a corporation keeping its books and filing its returns on the basis of a fiscal year ended June 30, is a taxable dividend to the recipient, irrespective of the fact that

---

[1] SEC. 115. DISTRIBUTIONS BY CORPORATIONS.

(a) DEFINITION OF DIVIDEND.—The term "dividend" when used in this title (except in section 203 (a) (3) and section 207 (c) (1), relating to insurance companies) means any distribution made by a corporation to its shareholders, whether in money or in other property, (1) out of its earnings or profits accumulated after February 28, 1913, or (2) out of the earnings or profits of the taxable year (computed as of the close of the taxable year without diminution by reason of any distributions made during the taxable year), without regard to the amount of the earnings and profits at the time the distribution was made.

at the time of the distribution the corporation was subject to the Revenue Act of 1934 and the shareholder the Revenue Act of 1936. The ruling contains no discussion disclosing the reasoning of the conclusion. The inference is that the statute applicable to the taxable year of the shareholder, not that of the corporation, determines whether the distribution constitutes a taxable dividend. The respondent concedes that if the question here is governed by section 115 (a) of the Revenue Act of 1934,[2] judgment should be for the petitioners, since the Lehman Corporation had no "earnings or profits accumulated after February 28, 1913." His argument is that the taxpayers here are the stockholders, not the Lehman Corporation, and, since the petitioners filed their returns on the calendar year basis and the Lehman Corporation had earnings and profits during a fiscal year ending during such calendar year, that is ending June 30, 1936, in excess of the distributions, such distributions meet the statutory definition of a taxable dividend in section 115 (a) of the 1936 Act.

Prior to the Revenue Act of 1936 a dividend was defined to be, to the extent material here, a distribution made out of earnings or profits accumulated subsequent to February 28, 1913. Sec. 2 (a), Revenue Act of 1916; sec. 201 (a), Revenue Acts of 1918, 1921, 1924, 1926; sec. 115 (a), Revenue Acts of 1928, 1932, 1934. These provisions have been construed to mean that a corporation does not have earnings or profits available for distribution to its stockholders as taxable dividends until impairments of capital or paid-in surplus resulting from operating losses have been restored. *Roy J. Kinnear*, 36 B. T. A. 153, and cases cited therein; *Foley Securities Corporation* v. *Commissioner*, 106 Fed. (2d) 731. The earnings and profits of the Lehman Corporation during the fiscal years ending June 30 in 1933, 1934, 1935, and 1936 were less than the deficit existing on June 30, 1932. It is clear, therefore, that if the distributions in question had been made under any act prior to the 1936 Act they would have been distributions of capital and not taxable dividends. Do the changes made in the Revenue Act of 1936 alter the situation under the prevailing facts?

The provisions of Title I of the Revenue Act of 1936, embracing sections 1 to 322, inclusive, are applicable only to taxable years beginning after December 31, 1935. Sec. 1.[3] Accordingly, the in-

---

[2] SEC. 115. DISTRIBUTIONS BY CORPORATIONS.

(a) DEFINITION OF DIVIDEND.—The term "dividend" when used in this title (except in section 203 (a) (4) and section 207 (c) (1), relating to insurance companies) means any distribution made by a corporation to its shareholders, whether in money or in other property, out of its earnings or profits accumulated after February 28, 1913.

[3] SEC. 1. APPLICATION OF TITLE.

The provisions of this title shall apply only to taxable years beginning after December 31, 1935. Income, war-profits, and excess-profits taxes for taxable years beginning prior to January 1, 1936, shall not be affected by the provisions of this title, but shall remain subject to the applicable provisions of prior revenue Acts, except as such provisions are modified by legislation enacted subsequent to this Act.

come tax liability of the petitioners for their calendar year, beginning January 1, 1936, is governed by the 1936 Act and tax liability of the Lehman Corporation for its fiscal year ended June 30, 1936, is governed by the Revenue Act of 1934. Section 22 (d) of the Revenue Act of 1936 provides that "Distributions by corporations shall be taxable to the shareholders as provided in section 115." Section 115 relates to "Distributions By Corporations." In other words, section 22 (d) of the Revenue Act of 1936, applicable to these taxpayers, provides for taxation of the taxpayers upon any distribution by a corporation "as provided in section 115"; and section 115 (aside from other provisions not here applicable), concerns only dividends, which term is specifically defined. Therefore, to be taxable to the taxpayers here, the distributions must be dividends. Our question therefore is, whether the distributions here involved come within that definition. Dividend is defined first as a distribution made by a corporation (1) "out of its earnings or profits accumulated after February 28, 1913." It is agreed that because of the deficit existing at all times herein concerned, the distributions do not meet that portion of the definition. Secondly, the definition goes on, a dividend must be a distribution "out of the earnings or profits of the taxable year (computed as of the close of the taxable year * * *)." The expression "of the taxable year" is the key to the question here, for if, as the respondent urges, it means of the *taxpayers'* taxable year, and if, as here, such taxable year began after December 31, 1935, respondent's position must be sustained; whereas the petitioners' position is in substance that the expression means "of the corporation's taxable year", that the corporation could distribute no such "dividend" during the first half of 1936 because the modification and extension of the previous definition did not apply to the corporation until the year beginning July 1, 1936, and that therefore petitioners are not taxable thereon as a "dividend" received.

It is to be observed that the expression "of the taxable year" occurs twice in section 115 (a), referring first to the earnings and profits of the taxable year and second to the computation thereof as of the close of the taxable year. It is obvious, we think, and in line with general rules of statutory interpretation, that the expression twice used in the same sentence has the same meaning in both instances. Certainly nothing indicates to us that the Congress used the expression in a different sense in the second instance. It is equally obvious that the second expression "of the taxable year" refers to the *corporation's* taxable year, for it is as of the close thereof that earnings or profits are to be computed, and to say that this refers to the taxpayers' taxable year would mean that the corporate earnings or profits are computed, not at the end of the corporate year, but six

months thereafter. We reject such conclusion and hold that the second expression "of the taxable year", in the parenthetical clause referring to computation of earnings or profits, refers to the corporation's year. Therefore, since we have above concluded that the expression does not change its meaning from that earlier in the same sentence, it follows that "of the earnings or profits of the taxable year" refers to the corporate year, a "dividend" is a distribution from the earnings or profits of the *corporation's* taxable year, and was therefore n'onexistent during such year, under the definition applicable thereto, the definition not applying until in a year beginning July 1, 1936. The corporation could not pay a "dividend" prior to July 1, 1936, and there was none for the petitioners to receive. They received a distribution of capital and the corporation in closing its books on July 1 could properly record the transaction in no other way; and under section 115 (d) the amount of the distribution would, instead of being included in petitioners' income, be applied against and reduce the adjusted basis of the stock, or any excess over basis be taxed as gain from sale or exchange of property. We can not conceive of computation of the corporation's earnings or profits for a certain year being delayed beyond the close of the corporate year, yet under the respondent's view fair interpretation of the sentence involved calls for that conclusion. Our opinion is borne out, we think, by the report of the Senate Finance Committee upon section 115 (a) of the Revenue Act of 1936. Both parties rely thereon. The report reads:

In order to enable corporations without regard to deficits existing at the beginning of the taxable year to obtain the benefit of the dividends-paid credit for the purposes of the undistributed-profits surtax, section 115 (a) changes the definition of a dividend so as to include distributions out of the earnings or profits of the current taxable year. The amendment simplifies the determination by providing that distributions during the year, not exceeding in amount the current earnings, are dividends constituting taxable income to the shareholder and a dividends-paid credit to the corporation. As respects such dividends the complicated determination of accumulated earnings or profits is rendered unnecessary.

This discloses that the primary intent of section 115 (a) was to affect the tax position of corporations, and that the changes in the definition of "dividend" were made in connection with new legislation imposing surtax on undistributed profits computed in part by application of credits for dividends paid during the taxable year. The report refers to dividends paid "during the year" as creating tax liability to recipient and credit to the distributing corporation—indicating to some extent at least correlation of dividend received and credit given. No corporation was to receive a credit for dividends

paid prior to its first taxable year under the act. Sec. 27 (a) (b).[4] Since the first taxable year of the Lehman Corporation under the 1936 Act began July 1, 1936, after the distributions here involved, it was not entitled to dividends paid credit until after that date.

We conclude and hold that the amounts in question do not constitute taxable dividends to the petitioners.

*Decision will be entered under Rule 50.*

---

[4] SEC. 27. CORPORATION CREDIT FOR DIVIDENDS PAID.

(a) DIVIDENDS PAID CREDIT IN GENERAL.—For the purposes of this title, the dividends paid credit shall be the amount of dividends paid during the taxable year.

(b) DIVIDEND CARRY-OVER.—In computing the dividends paid credit for any taxable year, if the dividends paid during the taxable year are less than the adjusted net income, there shall be allowed as part of the dividends paid credit, and in the following order:

(1) Dividends paid during the second preceding taxable year in excess of the adjusted net income for such year, to the extent not needed as a dividends paid credit for the taxable year preceding the taxable year the tax for which is being computed; and

(2) Dividends paid during the first preceding taxable year in excess of the adjusted net income for such year.

No credit shall be allowed for dividends paid by a corporation prior to its first taxable year under this title.