## CRANSON v. UNITED STATES.

No. 10644.

Circuit Court of Appeals, Ninth Circuit.

Jan. 24, 1945.

Rehearing Denied Feb. 26, 1945.

Leon DeFremery and Morrison, Hohfeld, Foerster, Shuman & Clark, all of San Francisco, Cal., for appellant.

Samuel O. Clark, Jr., Asst. U. S. Atty. Gen., and Sewall Key, Helen R. Carloss, Courtnay C. Hamilton, and Helen Goodner, Sp. Assts. to Atty. Gen., and Frank J. Hennessy, U. S. Atty., and Esther B. Phillips, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GARRECHT, DENMAN, and HEALY, Circuit Judges.

GARRECHT, Circuit Judge.

The question here is whether the distribution of $450 to the taxpayer from the Honolulu Oil Corporation, Ltd., hereinafter referred to as Honolulu constituted a taxable dividend. The taxpayer is suing to recover income taxes paid on this distribution in 1936.

The facts are stipulated and were adopted by the court below as its findings of facts.

On August 31, 1936, Honolulu liquidated three wholly owned subsidiaries and took over their assets subject to their liabilities, in complete cancellation and redemption of all their issued and outstanding capital stock. When Honolulu took over these subsidiaries, they had. an aggregate operating deficit of $1,205,451.61.

In 1936, Honolulu paid cash distributions of $1 for each share of its capital stock. Honolulu's earnings during 1936 amounted to $931,553.82 before deducting any portion of the above loss.

The appellant urges that the lower court erred in its judgment and contends that if the earnings are reduced by the operating deficits taken over from the liquidation of the subsidiaries, the distribution of $450 to the taxpayer was one of capital and not income. To support his position the taxpayer is relying on the doctrine of the Commissioner of Internal Revenue v. Sansome, 2 Cir., 60 F.2d 931, 933, which has been consistently followed. There are no cases to the contrary. The principle established therein is that a tax free exchange, pursuant to reorganization, does not break "the continuity of the corporate life", and that where the reorganization "does not toll the company's life as a continued venture" the earnings and profits of the transferor corporation are transferred intact over to the transferee corporation and shall be considered earnings of the transferee for tax purposes. The Sansome rule did not deal with the liquidation of a subsidiary as in the instant case, but Article 115-11 of Regulations 94 recognized that the same rule would apply to a tax free liquidation of a subsidiary, but did not extend the rule to embrace operating deficits.

This is an open question. If Honolulu itself had at the beginning of 1936 the same operating deficit, the deficit could not have been deducted. Long Beach Improvement Co. v. Commissioner of Internal Revenue, 5 B.T.A. 590; Foley Securities Corporation v. Commissioner of Internal Revenue, 38 B.T.A. 1036. An operating deficit is a bookkeeping convenience, which enables an individual to determine at a glance the present financial position of his business—he can readily see at what

point his earnings have or will wipe out his losses. The equation of operating deficit for tax purposes is the loss sustained within the taxable year. As to the alternative contention of the appellant here that if the operating deficits do not diminish the earnings, the losses sustained in the liquidation would diminish earnings, there has been no showing that any of the loss was incurred in the tax year in question. Furthermore, it is apparent that appellant has not maintained its burden of proof that any of the deficits occurred in the tax year 1936. The burden of proving error in the Commissioner's rulings in such cases is on the taxpayer.[1] It is hence not before us to consider whether any such deficits would be deductible from the profits of the parent corporation if they had occurred in the tax year 1936.

Whether or not the parent company suffered losses in tax years prior to 1936, if there be corporate earnings or profit in that year the Revenue Act of 1936 provides that distributions to the stockholders in that year are deemed to be from its most recently accumulated earnings or profits for that year, without regard to the fact that they are earned in that portion of the year after the distribution was made. Those provisions are:

"Section 115. Distributions by corporations

"(a) Definition of dividend. The term 'dividend' when used in this title (except in section 203(a) (3) and section 207 (c) (1), relating to insurance companies) means any distribution made by a corporation to its shareholders, whether in money or in other property, (1) out of its earnings or profits accumulated after February 28, 1913, or (2) out of earnings or profits of the taxable year (computed as of the close of the taxable year without diminution by reason of any distributions made during the taxable year), without regard to the amount of earnings and profits at the time the distribution was made.

"(b) Source of distributions. For the purposes of this Act every distribution is made out of earnings or profits to the extent thereof, and from the most recently accumulated earnings or profits. * * *"
26 U.S.C.A. Int.Rev.Code, § 115(a, b).

It being admitted that $931,553.82 earnings or profits were made in 1936 by the parent corporation and besides it had on hand undistributed profits of $139,631.26, the total amount exceeding that distributed to the stockholders, they were held properly by the tax court to be taxable as dividends to the distributees, of which the appellant is one. The order of the lower court is affirmed.

[1] Allen v. Commissioner of Internal Revenue, 4 Cir., 107 F.2d 151; Pearce v. Commissioner of Internal Revenue, 315 U.S. 543, 62 S.Ct. 754, 86 L.Ed. 1016.