**Mae F. MEURER, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 135, Docket 23163.**

United States Court of Appeals, Second Circuit.

Argued March 15, 1955.

Decided April 6, 1955.

Emanuel A. Stern, New York City, for petitioner.

Carolyn R. Just, Sp. Asst. to Atty. Gen. (H. Brian Holland, Asst. Atty. Gen., and Ellis N. Slack and Lee A. Jackson, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before CLARK, Chief Judge, FRANK, Circuit Judge, and GALSTON, District Judge.

CLARK, Chief Judge.

This is a taxpayer's appeal from disallowance of a claimed deduction for $5,923.67 for property maintenance expenses under either I.R.C. §§ 23(e) (2) or 23(c) (1), 26 U.S.C. § 23(c) (1), (e) (2). Petitioner is executrix under the will of her mother, who died in 1937. The will left to the taxpayer and her two sisters all of the residual estate in trust, as well as a specific legacy of the proceeds of Belle Terre, the family summer residence on Long Island. The taxpayer as executrix was instructed to sell Belle Terre as soon as practicable, but without the loss incident to a forced sale. Pending sale the estate was made responsible for costs of maintenance, and the taxpayer was entitled to use the property rent free. In November, 1938, the sisters renounced their legacy shares in Belle Terre; several months later in 1939 they entered into the option agreement for the purchase of Belle Terre which is the basis of taxpayer's claim here. In this agreement the sisters, including the taxpayer, offered to buy Belle Terre or the proceeds of its sale from her as executrix for $48,000, obligating themselves to pay the cost of its upkeep so long as the option should remain open. The option remained open until 1944 when it was terminated by one of the sisters, after due notice according to its terms.

Petitioner now claims that her share of the upkeep expenditures from 1939 to the termination of the option in 1944 is deductible on her personal income tax return for 1944 either in toto as a loss incident to a transaction entered into for profit, under I.R.C. § 23(e) (2), or in part as payment of taxes, under I.R.C. § 23(c) (1). The Tax Court held that these were merely personal expenses for which no deduction is authorized by the Internal Revenue Code. 18 T.C. 530, modified in other respects, 20 T.C. 614.

We have recently reiterated the standard for loss deduction under I.R.C. § 23(e) (2). Ewing v. C.I.R., 2 Cir., 213 F.2d 438. We there said that the taxpayer must demonstrate that her motive for entering into the transaction was primarily profit. The Tax Court found that this was not the case here, and we are inclined to agree, if only on the ground of failure of proof. For it is hard to understand any motive whatsoever for the peculiar intrafamilial arrangement before us. The proffered explanation of protecting taxpayer as executrix from having to make an unfavorable sale seems inadequate in light of the great latitude over sale left her by the will itself. Moreover, when taxpayer had available this apparently good bargain on behalf of the estate, she did not avail herself of it and allowed it to lapse. Here again the reason given, namely rising real estate prices, seems unconvincing when in fact the property had not been sold up to the time of the Tax Court hearing in 1950, and the taxpayer was continuing to use it as a summer residence. To conclude in the light of these circumstances that in some way she suffered a loss in 1944 of her contractual right to recover the upkeep cost borders somewhat on the fantastic. At least all this is far from sufficient to make out a case for the applicability of I.R.C. § 23(e) (2).

We are also in accord with the government's position that the taxpayer cannot deduct that amount of the maintenance expenses attributable to state and local taxes under I.R.C. § 23(c) (1). Whatever the import of the intrafamilial contract described above might be, it did not serve to divest the estate of complete ownership and title to Belle Terre. Hence the estate remained exclusively

and solely entitled to the deduction provided in that section. Magruder v. Supplee, 316 U.S. 394, 62 S.Ct. 1162, 86 L. Ed. 1555; Gilken Corp. v. C.I.R., 6 Cir., 176 F.2d 141.

The decision of the Tax Court is affirmed.