Richard F. Cottrell and Jean S. Cottrell v. Commissioner.
Cottrell v. Commissioner
Docket No. 667-69.
United States Tax Court
T.C. Memo 1970-218; 1970 Tax Ct. Memo LEXIS 138; 29 T.C.M. (CCH) 956; T.C.M. (RIA) 70218; July 29, 1970, Filed Richard F. Cottrell, pro se, 6845 Stanley Ave., Carmichael, Calif.Richard D. Worsley, for the respondent. FAY
Memorandum Opinion FAY, Judge: Respondent determined a deficiency of $2,276.78 in petitioners' income taxes for the taxable year 1966. The issues remaining to be decided are (1) whether petitioners are entitled to a deduction under section 165 [1] for a loss sufferred on the sale of their residence and (2) whether section 165 is constitutional within the meaning of the due process *139 clause of the fifth amendment. All of the facts have been stipulated and are so found. Petitioners are husband and wife, and at the time of filing their petition in this case resided at 6845 Stanley Avenue, Carmichael, California (referred to hereafter as new residence). Their joint return for the year 1966 was filed with the district director of internal revenue at San Francisco, California. His wife being a party by virtue of the joint return, Richard F. Cottrell will hereinafter be referred to as petitioner. In November 1956 petitioner purchased a home located at 6230 Glademont Court, Carmichael, California (referred to hereafter as old residence), at a cost of $24,750. This home served as his residence until July of 1965. During this period petitioner made capital expenditures for improvements to the home at a cost of $5,750. In September 1964 construction was begun on a new residence. Construction was completed and petitioner and his wife moved into their new home in July 1965. The old residence sat idle until October 1965 at which time efforts were made to rent or sell *140 the vacated house. The efforts to rent were unsuccessful and finally the house was sold on January 3, 1966, for $26,000. Selling expenses of $728.10 were incurred in completing the sale. Petitioner deducted a loss from the sale of $5,228 for the taxable year 1966. Respondent disallowed the deduction on the ground that petitioner had failed to satisfy the requirements of section 165(c). The first issue to be decided is whether petitioner is entitled to a deduction under section 165(c) for the loss sustained on the sale of his personal residence. Generally taxpayers are allowed a deduction under section 165 [2] for losses not compensated for by insurance. Individuals, however, must meet the requirements of section 165(c) to be entitled to a deduction. This subsection provides in part that only losses "incurred in a trade or business" or "in any transaction entered into for profit" are deductible by individual taxpayers. Since the loss claimed by petitioner was clearly not sustained in his trade or business, to be entitled to a deduction he must satisfy the requirements of section 165(c)(2) that the loss be incurred in a transaction entered into for profit. Petitioner initially purchased *141 the residence for personal use, and in the absence of a conversion whereby the property was subsequently held for profitmotivated purposes he must be denied a deduction for the loss incurred on the sale. 957 This Court has consistently held that to affect a conversion from personal use to profit-motivated purposes a taxpayer must do more than list the old residence for rent, for sale, or for sale or rent. Allen L. Grammer, 12 T.C. 34 (1949); William C. Horrmann, 17 T.C. 903 (1951); Morgan v. Commissioner, 76 F. 2d 390 (C.A. 5, 1935), affirming a Memorandum Opinion of this Court; Rumsey v. Commissioner, 82 F. 2d 158 (C.A. 2, 1936), affirming a Memorandum *142 Opinion of this Court, certiorari denied 299 U.S. 552 (1936). The parties have stipulated that efforts were made to rent or sell the residence. The nature of these efforts cannot be determined from the record; however, it is clear that the efforts to rent were unsuccessful. An examination of the evidence demonstrates that petitioner has fallen short of meeting the test for a conversion under section 165(c)(2) laid down by Allen Grammer, supra.While a loss may have been sustained, petitioner has failed to produce adequate proof that it was other than a personal loss, and Congress, with limited exceptions, has refused to allow a deduction for personal losses. To be allowed a deduction for a loss petitioner must not only establish that a conversion of the property took place but also that a deductible loss was in fact suffered. The latter he has failed to do, and this alone is a sufficient basis for denying the deduction. The income tax regulations [3] provide that the amount of a loss on the sale of converted residential property is the excess of the adjusted basis of the property over the amount realized. They further provide that the adjusted basis for *143 determining the loss is the lesser of the taxpayer's adjusted cost basis in the property and the fair market value on the date of conversion. Petitioner here has produced no evidence of the fair market value on the date of conversion. In the absence of such evidence we hold that petitioner has failed to prove that he suffered a deductible loss. Mae F. Meurer, 18 T.C. 530 (1952), affd. 221 F. 2d 223 (C.A. 2, 1955).
Secondly, petitioner contends *144 that section 165(c) violates the due process clause of the fifth amendment of the Constitution. We disagree. It is clear that deductions are allowed as a matter of legislative grace. New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934); L.M. Lockhart, 43 T.C. 776 (1965); and Davis v. United States, 87 F. 2d 323 (C.A. 2, 1937). Congress has the power to condition, limit, or deny deductions in arriving at the net income it chooses to tax. Helvering v. Ind. Life Ins. Co., 292 U.S. 371 (1934). While the due process clause of the fifth amendment is applicable to Congress' taxing statutes, ( Heiner v. Donnan, 285 U.S. 312 (1932)), it is well settled nevertheless that great leeway is given to Congress. Cohan v. Commissioner, 39 F. 2d 540 (C.A. 2, 1930). Taxing provisions are not held violative of the due process clause unless they are found to classify taxpayers in such a manner as to be arbitrary and capricious. Barclay & Co. v. Edwards, 267 U.S. 442 (1924); Foley Securities Corp. v. Commissioner, 106 F. 2d 731 (C.A. 8, 1939), affirming 38 B.T.A. 1036 (1938). We consider *145 Congress' distinction between losses on sale of personal property and losses incurred in transactions entered into for profit to be a reasonable classification. Petitioner also contends that section 165(c)(2) and regulations thereunder are unconstitutional because they are vague and ambiguous. We think the statute is not vague or ambiguous so as to violate due process. Section 165(c)(2) provides that loses may be deducted if incurred "in any transaction entered into for profit." This terminology is neither vague nor ambiguous. While it may be difficult to apply this standard to particular factual circumstances, the statute is not, for this reason, rendered vague and ambiguous. The provision in question sets forth a precise and meaningful classification; the sale of a personal 958 residence on the facts of the instant case clearly falls outside the scope of the statute. Petitioner's belief that the statute is unwise is not a sufficient ground to render it unconstitutional. See Brushaber v. Union Pac. R.R., 240 U.S. 1 (1916). We therefore uphold the determination of the respondent. Decision will be entered under Rule 50. Footnotes
1. All section references are to the Internal Revenue Code of 1954, unless otherwise indicated.↩
2. SEC. 165. LOSSES (a) General Rule. - There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. * * * (c) Limitation on Losses of Individuals. - In the case of an individual, the deduction under subsection (a) shall be limited to - (1) losses incurred in a trade or business; (2) losses incurred in any transaction entered into for profit, though not connected with a trade or business; * * *↩
3. Sec. 1.165-9(b) Property converted from personal use. * * * (2)The loss allowed under this paragraph upon the sale of the property shall be the excess of the adjusted basis prescribed in § 1.1011-1 for determining loss over the amount realized from the sale. For this purpose, the adjusted basis for determining loss shall be the lesser of either of the following amounts, adjusted as prescribed in § 1.1011-1 for the period subsequent to the conversion of the property to income-producing purposes: (i) The fair market value of the property at the time of conversion, or (ii) The adjusted basis for loss, at the time of conversion, determined under § 1.1011-1 but without reference to the fair market value.↩